**YU | MOHANDESI LLP**

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Sheri Guerami** (SBN 265231)
213.418.9340 | sguerami@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

*Attorneys for Plaintiff*
The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8,<br><br>Plaintiff,<br><br>vs.<br><br>Marguerite DeSelms, individually, and as Trustee of The Circle Road Revocable Living Trust Dated November 11, 2010; Alan David Tikal as Trustee of the KATN Revocable Living Trust; and CAA, Inc., a Nevada corporation,<br><br>Defendants. | Case No.: 5:18-cv-01044<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MARGUERITE DESELMS'S MOTION TO DISMISS THE COMPLAINT** |

Plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8, ("BONY") hereby opposes the Motion to Dismiss of Defendant Marguerite DeSelms, individually, and as Trustee of The Circle Road Revocable Living Trust Dated November 11, 2010 ("collectively, "DeSelms").

## INTRODUCTION

In an attempt to defraud her lender from paying hundreds of thousands of dollars owed, DeSelms fraudulently recorded three documents purporting to extinguish the subject deed of trust. With the help of a now-convicted felon, defendant Alan David Tikal ("Tikal"), DeSelms recorded a grant deed transferring title from DeSelms to the Circle Road Trust. Further, DeSelms recorded a deed of trust in favor of Tikal, and thereafter recorded a Substitution of Trustee and Full Reconveyance purporting to nominate the KATN Trust as trustee under the deed of trust and reconvey all interest therein to the Circle Road Trust. In a further attempt to defraud her creditors, DeSelms filed multiple bankruptcy petitions, all of which were dismissed for failure to make plan payments.

BONY filed a lawsuit to cancel and reform the phony documents DeSelms recorded. BONY's Complaint alleges that DeSelms knowingly caused a reconveyance to be recorded which has interfered with BONY's security interest in the property, and requests that the Court adjudge the reconveyance as void and cancelled. The Complaint adequately and thoroughly pleads all of the requisite elements for a cancellation of written instrument claim, a reformation of written instrument claim, and a declaratory relief determination.

DeSelms's Motion to Dismiss ("MTD") is without basis and fails to set forth any legitimate challenge to the allegations in the Complaint. DeSelms wrongly, and without an iota of evidence, argues that BONY does not have standing to bring this instant lawsuit. However, the beneficial interest in the subject deed of trust was

assigned to BONY from the original lender ("BONY Assignment"), and the BONY Assignment was recorded with the San Bernardino County Recorder's office. The deed of trust has not been subsequently transferred and BONY is currently the holder of the promissory note and the beneficiary of the subject deed of trust. The Complaint and the judicially noticed documents establish that BONY was assigned all of the beneficial interest in the subject deed of trust, and thus, has standing to pursue this action.

As demonstrated more fully herein below, DeSelms's MTD should be denied.

## STANDARD OF REVIEW

### Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Where the party asserts a facial challenge, the court limits its inquiry to the allegations set forth in the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the challenge to jurisdiction is a facial attack … the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made." *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of the Interior*, 905 F. Supp.2d 1158, 1157 (E.D. Cal. 2012) (internal citation and quotation omitted). If a court elects to resolve a fact-based Rule 12(b)(1) motion without an evidentiary hearing, it must accept the factual allegations of the complaint as true. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

### Failure to State a Claim

When a court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). Inquiry into the adequacy of the evidence is improper. *Enesco Corp. v. Price/Costco,*

*Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ARGUMENT

### I. BONY HAS PRESENTED COGNIZABLE FACTS ESTABLISHING ITS STANDING TO BRING THIS ACTION

DeSelms seeks dismissal of BONY's Complaint alleging that BONY does not have standing to bring an action against her, as BONY is not the "lawful holder or owner of the note and deed of trust…." (MTD pp.3-4 ll. 23-28, 4-8). In support, DeSelms relies exclusively on her own self-serving declaration, which she erroneously contends establishes that BONY does not have standing. DeSelms offers no proof other than her declaration. The Court, however, can disregard Plaintiff's self-serving statements because the recorded documents demonstrate that BONY in fact is the beneficial owner of the note and deed of trust.

### A. Both the Complaint and the Recorded Documents Establish that BONY is the Rightful Owner

The Complaint and the recorded documents establish the following chain of title on the deed of trust:

- On or about July 31, 2006, Bondcorp Realty Service, Inc. ("Bondcorp") as lender, with Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary for the lender, and DeSelms as borrower, entered into a mortgage loan for the property, whereby Bondcorp loaned the principal sum of $340,000 to DeSelms. In connection with the loan, DeSelms executed a promissory note in favor of Bondcorp. *See* BONY's Request for Judicial Notice ("RJN") Ex. A.
- A deed of trust securing the promissory note in favor of Bondcorp and MERS was recorded with the San Bernardino County Recorder on

August 14, 2006 as document number 2006-0552110 ("DOT"). *See* RJN Ex. B

- On November 17, 2010, DeSelms fraudulently recorded three documents purporting to extinguish the DOT: (1) a grant deed transferring title from DeSelms to the Circle Road Trust; (2) a deed of trust in favor of Tikal, trustee of the KAN Trust, as beneficiary; (3) Substitution of Trustee and Full Reconveyance purporting to nominate the KATN Trust as trustee under the DOT and reconvey all interest therein to the Circle Road Trust.
- On September 14, 2011, all beneficial interest in the DOT was assigned to BONY (the "BONY Assignment"). The BONY Assignment was recorded with the San Bernardino County Recorder on October 7, 2011 as document number 2011-0421288. *See* RJN Ex. C.
- The DOT has not been subsequently transferred and BONY is currently the holder of the Promissory Note and beneficiary of the DOT.

DeSelms's declaration offers only conclusions and not facts that would be admissible evidence. A court can disregard a self-serving declaration that states only conclusions. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n. 5 (9th Cir. 1997) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true).

As such, the Complaint alleges, and the recorded documents establish that BONY has all beneficial interest in the Promissory Note and DOT, and thus has standing to bring this action.

**B.    The Lawsuits Do Not Establish Lack of Standing**

In her MTD, DeSelms contends that two lawsuits preclude BONY from bringing the instant action. She is wrong.

The first lawsuit filed in 2012 (*Marguerite DeSelms v. Capital Management Services, LP* (Case No. 12-8765) is between DeSelms and a third party. BONY is not

a named defendant and is not a party to the settlement agreement between DeSelms and Capital Management Services. The lawsuit related to unsubstantiated allegations of violations of Federal Debt Collection Practices Act, among other consumer-related violations. Once again, in the MTD and her declaration, DeSelms inaccurately argues that the settlement agreement reached in the 2012 lawsuit binds counsel from ever suing her again. This is nonsensical. The settlement agreement is not between counsel for BONY and DeSelms. A simple reading of the settlement agreement attached as Exhibit 3 (Doc. No. 16-1) establishes that the Settlement Agreement was between DeSelms and Capital Management Services, L.P. Further, it is not Yu Mohandesi that is suing DeSelms, but rather BONY[1].

The second lawsuit filed in 2018 (*Marguerite DeSelms v. Bank of America, N.A. et al* (Case No. 18-00703), also before this Court, is an action brought by DeSelms against different defendants. DeSelms's argument that Bank of America should have brought these claims as a compulsory counterclaim is disingenuous at best. These are not Bank of America's claims, and as such, Bank of America has no basis to bring them as a counterclaim.

BONY is the rightful owner of the Promissory Note and DOT, and thus, it has standing to bring this lawsuit. DeSelms' MTD should be denied in its entirety.

## II. WHETHER BONY HAS UNCLEAN HANDS IS NOT A MATTER THAT CAN BE DETERMINED ON A MOTION TO DISMISS

DeSelms argues that BONY "committed a series of violations of state law in executing and recording the assignments" and "committed violations of the fair debt collection practices act, imposing charge that were neither due nor owing." (MTD p. 13 ll. 6-11.) However, it is bedrock law that "[m]atters extraneous to the pleadings

---

[1] It should be noted that DeSelms has gratuitously disclosed a confidential settlement agreement which appears to be a breach of the Settlement Agreement. The Settlement Agreement specifically states "Plaintiff hereby agrees that she will not discuss or disclose, or cause to be discussed or disclosed, either orally or in writing,…the terms of this Settlement Agreement except as required by law, regulation, a duly served subpoena, or court order." None of those terms apply here, and the settling defendant may pursue DeSelms for breach of the Settlement Agreement terms.

should not be considered in the context of a motion to dismiss under Rule 12(b)(6), which…must depend on the allegations made within the four corners of the complaint." *Alexander v. Kujok*, 158 F. Supp. 3d 1012, 1022 (E.D. Cal. 2016) (internal citations omitted). Plaintiff states that "[BONY] has failed to assert or prove any interest in the subject note and deed of trust." (MTD pp. 12-13 ll. 27, 1.)

First, BONY has adequately pled the following facts to show it is the beneficial owner under the Promissory Note and DOT:

- "On September 14, 2011, all beneficial interest in the First Deed of Trust was assigned to BONY (the "BONY Assignment")." (Complaint ¶ 21.)
- "The First Deed of Trust has not been subsequently transferred and BONY is currently the holder of the First Promissory Note and the beneficiary of the First Deed of Trust and entitled to all beneficial interests therein including the right to nonjudicial foreclosure of the Property." (Complaint ¶ 22.)

Whether BONY has unclean hands is completely beside the point of a motion to dismiss. Issues of unclean hands have to be resolved at trial or on a motion for summary judgment, not a motion to dismiss. Accordingly, DeSelms's MTD should be denied.

### III. CONCLUSION

Based on the foregoing, BONY respectfully requests that this Court deny DeSelms's MTD. Alternatively, if the Court finds merit in any of the arguments in the MTD, BONY respectfully requests that it be granted leave to file an amended complaint.

DATED: July 27, 2018.

YU MOHANDESI LLP

By: */s/ Sheri Guerami*
Sheri Guerami
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on July 27, 2018, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below. Parties may access this filing through the Court's system. A copy of the foregoing was also mailed via United States Postal Service to the following non-ECF participant:

***<u>Plaintiff Pro Per</u>***

Marguerite DeSelms

PO Box 84343

Los Angeles, CA 90073

DATED: July 27, 2018

*/s/ Sheri Guerami*
Sheri Guerami