UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**  Order DENYING Defendant's motion to dismiss

Before the Court is a motion to dismiss filed by Defendant Marguerite DeSelms ("Defendant").[1]  *See* Dkt. # 15.  Plaintiff The Bank of New York Mellon ("Plaintiff") opposes the motion.  *See* Dkt. # 19.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **DENIES** Defendant's motion.

I.   Background

This case presents the question of whether Plaintiff has a valid interest in a mortgage issued by Defendant in conjunction with a purchase of real property, such that Plaintiff is entitled to foreclose on the property.  Defendant asserts that Plaintiff has no interest in the property because the deed of trust securing the mortgage loan has been extinguished.  She argues here that because Plaintiff has no interest, it lacks standing to bring this case, and further that Plaintiff's claims are barred alternatively by the doctrine of unclean hands, by a settlement agreement in a different case, or because they should have been brought as compulsory counterclaims in even another case.

In 2006, Defendant entered into a mortgage agreement with Bondcorp Realty Services, Inc. ("Bondcorp") as lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee beneficiary for the lender, whereby Bondcorp loaned Defendant $340,000 to purchase real property located at 3489 Circle Road in San Bernardino, California (the "Property").  *See Complaint*, Dkt. # 1 ("*Compl.*") ¶¶ 8–9.  In connection with the loan, Plaintiff executed a promissory note in favor of Bondcorp.  *Id.* ¶ 9, Ex. A.  A deed of trust securing that note in favor

---

[1] Co-Defendants Alan Tikal, as trustee of the KATN Revocable Living Trust, and CAA, Inc. have not joined Defendant's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

of Bondcorp was recorded with the San Bernardino County Recorder on August 14, 2006 (the "First Deed of Trust"). *Id.* ¶ 10, Ex. B.

Plaintiff alleges that on September 14, 2011, it was assigned all beneficial interest in the First Deed of Trust in its capacity as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8. *Id.* ¶¶ 1, 21. The assignment was recorded with the San Bernardino County Recorder on October 7, 2011, and Plaintiff asserts that it is currently the holder of the promissory note and the beneficiary of the First Deed of Trust. *Id.* ¶¶ 21–22.

Plaintiff alleges that Defendant defaulted on her repayment obligations under the promissory note and First Deed of Trust around August 1, 2009. *Id.* ¶ 12. Between 2014–17, Defendant allegedly communicated with the loan servicer responsible for servicing the loan in an attempt to obtain a loan modification. *Id.* ¶ 23. When talks broke down, Plaintiff, through its loan servicer, began foreclosure proceedings against the Property. *Id.*

In connection with the foreclosure proceedings, Plaintiff discovered that in 2010, Defendant purported to extinguish the First Deed of Trust by making a series of conveyances. *Id.* ¶¶ 13–16, 23. First, Defendant recorded a grant deed transferring title to the Property from herself to the Circle Road Revocable Living Trust. *Id.* ¶ 13. Second, Defendant recorded a deed of trust in favor of Defendant Alan David Tikal, trustee of the KATN Revocable Living Trust (the "Third Deed of Trust").[2] *Id.* ¶ 14. Third, Plaintiff alleges that Defendant recorded a "Substitution of Trustee and Full Reconveyance purporting to nominate the KATN Trust as trustee under the First Deed of Trust and reconvey all interest therein to the Circle Road Trust" (the "Allegedly False Reconveyance"). *Id.* ¶ 15.

According to Plaintiff, Defendant asserts that as a result of these conveyances, she holds title to the Property (in her capacity as trustee of the Circle Road Trust) free and clear of the lien created by the First Deed of Trust. *Id.* ¶¶ 16, 25. She further asserts that because she holds clear title, Plaintiff has no right to foreclose on the Property. Plaintiff asserts that the Allegedly False Reconveyance was fraudulent, and therefore void, because neither the KATN Trust nor Defendant Tikal had authority to convey any interest in the First Deed of Trust, and because

---

[2] Plaintiff refers to the deed of trust in favor of Tikal as the Third Deed of Trust because there was a preceding deed of trust securing a home equity line that Bondcorp gave to Defendant at the same time as the original mortgage ("the Second Deed of Trust"). *See Compl.* ¶ 11. The Second Deed of Trust is not at issue in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

Defendant had no authority to record the Allegedly False Reconveyance. *Id.* ¶ 44. Consequently, Plaintiff alleges that the conveyances did not extinguish the First Deed of Trust and therefore it remains the beneficiary of the First Deed of Trust under the September 14, 2011 assignment. *Id.* ¶ 22.

On May 14, 2018, Plaintiff brought suit against Defendant, both individually and in her capacity as trustee of the Circle Road Trust, as well against Co-Defendants Alan David Tikal as trustee of the KATN Revocable Living Trust and CAA, Inc, asserting three causes of action:

First Cause of Action: Cancellation of Written Instrument. *Id.* ¶¶ 26–33.

Second Cause of Action: Reformation of Written Instrument. *Id.* ¶¶ 34–45.

Third Cause of Action: Declaratory Relief. *Id.* ¶¶ 46–50.

Plaintiff seeks a declaration from the Court that the Allegedly False Reconveyance was fraudulent and is therefore void, or in the alternative, asks the Court to reform the Allegedly False Reconveyance to refer only to the Third Deed of Trust. *Id.* 8:23–28. It further asks that the Court enjoin all defendants from executing any further documents that purport to modify, amend, or extinguish the First Deed of Trust. *Id.* 9:12–15.

Defendant DeSelms now moves to dismiss, arguing that Plaintiff lacks standing under Federal Rule of Civil Procedure 12(b)(1) because it has no interest in the First Deed of Trust, that Plaintiff's claims are barred by a settlement between Defendant and Capital Management Services, LP ("Capital Management") in an earlier case, that Plaintiff's claims should have been brought as compulsory counterclaims by Bank of America in another action that Defendant is litigating, and finally that Plaintiff's claims should be dismissed under the doctrine of unclean hands. *See generally Mot.*

II.   Legal Standard

    A.   Rule 12(b)(1)

Federal courts have limited jurisdiction and therefore only possess power authorized by Article III of the United States Constitution and statutes enacted by Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts cannot consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

claims for which they lack subject matter jurisdiction. *See Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992).

     Federal Rule of Civil Procedure 12(b)(1) provides for a party, by motion, to assert the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). This defense may be raised at any time, and the Court is obligated to address the issue sua sponte. *See* Fed. R. Civ. P. 12(h)(1) (providing for waiver of certain defenses but excluding lack of subject matter jurisdiction); *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004) ("Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) ("The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction."). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

     A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561. Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

     A Rule 12(b)(1) jurisdictional attack may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenging party asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See id.*

    B.    <u>Rule 12(b)(6)</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

III.   <u>Judicial Notice</u>

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Such material includes "notice of proceedings in other courts, whether in the federal or state systems." *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *see also Schweitzer v. Scott*, 469 F. Supp. 1017, 1020 (C.D. Cal. 1979) ("[T]he Court is empowered to and does take judicial notice of court files and records.").

Under Federal Rule of Evidence 201, the court "can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (quoting *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG -POR, 2009 WL 6598891, at *2 (S.D. Cal. Dec. 23, 2009)); *see also L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (noting that public records from the Internet are "generally considered not to be subject to reasonable dispute") (internal quotation marks omitted). Further, "[p]ublic records and government documents are generally considered 'not to be subject to reasonable dispute.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

*United States ex rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (citing *Jackson v. City of Columbus,* 194 F. 3d 737, 745 (6th Cir.1999)).

Defendant asks the Court to take judicial notice of documents relating to two other Central District proceedings: the first amended complaint in *DeSelms v. Bank of America*, *N.A.*, No. CV 18-703 PSG (MRWx) (C.D. Cal.), *see* Dkt. # 16-1 Ex. 1 ("*Bank of America Complaint*"), and an agreement settling the claims brought in *DeSelms v. Capital Management Services LP*, No. CV 12-8756 JAK (FFMx) (C.D. Cal), *see* Dkt. # 16-1 Ex. 3 ("*Capital Management Settlement*"). Plaintiff asks the Court to take judicial notice of the original promissory note involving Bondcorp, MERS, and Defendant; the First Deed of Trust; and the assignment from MERS to Plaintiff. *See* Dkt. # 20.

Neither party has opposed the other's request for judicial notice. Under Local Rule 7-12, a failure to oppose a request may be deemed consent to granting it. *See* L.R. 7-12. Accordingly, the Court **GRANTS** both Defendant's and Plaintiff's requests for judicial notice.

IV.   Discussion

Defendant moves to dismiss on the grounds that Plaintiff lacks standing because it has no interest in the Property, that Plaintiff's claims are barred by a settlement agreement between Defendant and Capital Management, that Plaintiff's claims should have been brought as compulsory counterclaims by Bank of America in a separate action, and that Plaintiff's claims should be dismissed under the doctrine of unclean hands. The Court addresses each argument in turn.

   A.   Standing

Defendant argues that Plaintiff lacks standing to bring this case because it has no interest in the First Deed of Trust. *Mot.* 10:11–14. Defendant asserts that even if the Allegedly False Reconveyance was ruled invalid, Bank of America, rather than Plaintiff, would be the beneficiary of the First Deed of Trust. However, Plaintiff has pleaded that *it* "is currently the holder of the First Promissory Note and the beneficiary of the First Deed of Trust and entitled to all beneficial interests therein including the right to nonjudicial foreclosure of the Property." *Compl.* ¶ 22. Because Defendant disputes the *truth* of Plaintiff's allegation rather than its adequacy, her standing argument is properly categorized as a factual, rather than a facial, attack. *See Safe Air*, 373 F.3d at 1039.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

In resolving a factual attack on standing, the Court "need not presume the truthfulness of [Plaintiff's] allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* However, "a jurisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Id.* (quoting *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (alterations omitted).

Here, Defendant's standing attack is completely intertwined with the merits of the case such that it would be "inappropriate" for the Court to resolve the disputed facts at the motion to dismiss stage. *See id.* Defendant's standing argument turns entirely on whether Plaintiff has a valid interest in the First Deed of Trust. *See Mot.* 10:11–18, 15:8–24. But that is the precise issue that Plaintiff seeks to have resolved in this case. *See Compl.* Plaintiff has adequately pleaded that it has an interest in the First Deed of Trust and has supported that allegation with evidence of a recorded assignment in its favor. *See Compl.* ¶ 22, Ex. G. The Court concludes that this is sufficient to establish standing.

B. The Settlement Agreement

Defendant argues Plaintiff's claims are barred by a settlement agreement she entered into with Capital Management in January 2013. *See Mot.* While Plaintiff was not a party to that settlement agreement, *see Capital Management Settlement*, Defendant's principal argument appears to be that Plaintiff is nevertheless bound by it because its counsel, Yu Mohandesi LLP, represented Capital Management in the proceedings that produced the settlement agreement. *See Mot.* 2:13–16, 3:18–21.

However, an entity is not bound by a settlement agreement involving a third party just because it retains the same counsel that represented the third party. As Plaintiff aptly points out, "it is not Yu Mohandesi that is suing DeSelms, but rather [Plaintiff]." *Opp.* 6:9–10. Because Plaintiff was not a party to the settlement agreement with Capital Management Services, and Defendant has provided no reason for why Plaintiff should be bound by it beyond the fact that Plaintiff and Capital Management share counsel, the Court concludes that the agreement does not bar Plaintiff's claims.

C. Compulsory Counterclaims

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

In a separate action, Defendant has brought suit against Bank of America and MTC Financial Inc., alleging claims under the Fair Debt Collection Practices Act and Truth in Lending Act, as well as other state law claims. *See Bank of America Complaint*. She argues that the claims Plaintiff brings in this case should have been brought as counterclaims by Bank of America in the other action. *See Mot.* 17:5–18. She further argues that because they were compulsory counterclaims, they cannot now be brought here. *See Mot.* 9:15–20.

Federal Rule of Civil Procedure 13(a)(1) provides that "[a] pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." "[I]f a party fails to plead a compulsory counterclaim, he is held to waive it and is precluded by res judicata from ever suing upon it again." *Luis v. Metro. Life Ins. Co.*, 142 F. Supp. 3d 873, 878 (N.D. Cal. 2015) (quoting *Local Union No. 11, Int'l Bhd. Of Elec. Workers, AFL-CIO v. G.P. Thompson Elec., Inc.*, 352 F.2d 181, 184 (9th Cir. 1966)).

The obvious problem with Defendant's argument is that Rule 13(a)(1) applies to claims "the *pleader* has against an opposing party." Fed. R. Civ. P. 13(a)(1) (emphasis added). Plaintiff is not a party to the lawsuit against Bank of America and therefore cannot be considered a "pleader" in it. *See Bank of America Complaint*. Defendant attempts to get around this obstacle by arguing that Bank of America is "the party with the real interest in the outcome," apparently based on Defendant's assertion that Bank of America would be the beneficiary of the First Deed of Trust if the Allegedly False Reconveyance was ruled invalid. *See Mot.* 15:18–24, 17:5–19. But Plaintiff has pleaded that it is "currently the holder" of the promissory note and First Deed of Trust. *See Compl.* ¶ 22. At the motion to dismiss stage, the Court must take this allegation as true. Treating it as true, it is clear that the claims are Plaintiff's to bring, not Bank of America's. Therefore, the Court concludes that Plaintiff's claims are not compulsory counterclaims that should have been brought in the Bank of America suit, and consequently, Plaintiff is not barred from bringing them here.

D. <u>Unclean Hands</u>

Defendant argues that Plaintiff has no right to seek equitable relief because it comes to the case with unclean hands, having allegedly "commit[ed] a series of violations of state law in executing and recording the assignments" as well as violations of the Fair Debt Collection Practices Act. *See Mot.* 13:5–17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | August 16, 2018 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

Unclean hands is an affirmative defense. Under California law, when assessing the applicability of the defense, "[t]he focus is the equities of the relationship between the parties, and specifically whether the unclean hands affected the transaction at issue." *Biller v. Toyota Motor Corp.*, 668 F. 3d 655, 667 (9th Cir. 2012). In other words, evaluating an unclean hands defense requires the Court to examine evidence about the relationship between the parties and the effect of the alleged wrongful actions.

The Court concludes that such a fact-bound inquiry is premature. At the motion to dismiss stage, the Court's focus is on the pleadings. Nothing in the complaint suggests that Plaintiff has unclean hands, and Defendant makes only sparse and conclusory allegations in support of her argument. *See Mot.* 13:5–17. Without further factual development, the Court lacks the information necessary to evaluate Defendant's unclean hands defense. Therefore, Defendant's motion to dismiss based on unclean hands is **DENIED**.

V.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**