UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | January 2, 2019 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion to set aside the default

Before the Court is Defendant Marguerite DeSelms's ("Defendant") motion to set aside the default entered against her on the complaint, *see* Dkt. # 32 ("*Default Mot.*"), and motion for leave to file an answer and counterclaims, *see* Dkt. # 34 ("*Mot. for Leave*"). Plaintiff The Bank of New York Mellon ("Plaintiff") has opposed these motions. *See* Dkt. # 36 ("*Opp.*"). Defendant has not filed a reply. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendant's motions.

I.  Background

In this case, Plaintiff alleges that Defendant fraudulently conveyed her interest in a parcel of real property in order to prevent Plaintiff from exercising its right to foreclose on it. *See generally Complaint*, Dkt. # 1. Defendant filed a motion to dismiss for lack of standing and failure to state a claim, which the Court denied on August 16, 2018. *See August 16, 2018 Order*, Dkt. # 22 ("*Aug. 16 Order*"). Defendant failed to answer the complaint within 14 days after the motion to dismiss was denied, as is required by Federal Rule of Civil Procedure 12(a)(4)(A). Accordingly, on September 28, 2018, the Court ordered the parties to show cause no later than October 12, 2018 why the case should not be dismissed for lack of prosecution. *See September 28, 2018 Order*, Dkt. # 29. It noted that Defendant filing an answer to the complaint or Plaintiff filing a request for entry of default would constitute an appropriate response to the Order to Show Cause. *See id.*

Defendant failed to file an answer by the October 12, 2018 deadline in the Order to Show Cause. On October 11, Plaintiff asked the clerk to enter default against Defendant, and default was entered that same day. *See* Dkts. # 30, 31. On November 1, 2018, Defendant filed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | January 2, 2019 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

current motions to set aside the default and for leave to file an answer and counterclaims. *See Default Mot.; Mot. for Leave.*

II.     Legal Standard

Federal Rule of Civil Procedure 55 permits a court to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)) (alterations in original). This standard is disjunctive, "such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. However, the choice to set aside default even if one or more of the factors is met is within the court's discretion. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111?12 (9th Cir. 2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").

The Ninth Circuit has cautioned that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

III.    Discussion

The Court turns to the three factors articulated by the Ninth Circuit. Because Plaintiff does not argue that it would be prejudiced if the default is set aside, the Court will address only whether Defendant engaged in culpable conduct and whether she has a meritorious defense.

A.      Culpable Conduct

"[A] defendant's conduct is considered culpable if he has received actual or constructive notice of the filing . . . and *intentionally* failed to answer." *City of Colton v. Am. Promotional Events*, No. EDCV 09-1864 PSG (SSx), 2014 WL 12740640, at *2 (C.D. Cal. Aug. 15, 2014) (cleaned up). However, "intentional" in the context of a motion to set aside a default means something different than how the word is often used colloquially. The Ninth Circuit has made clear that "a movant cannot be treated as culpable simply for having made a conscious choice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | January 2, 2019 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (cleaned up). Accordingly, courts have generally found culpable conduct only "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

Plaintiff argues that Defendant engaged in culpable conduct by failing to file an answer on two occasions: (1) after the Court denied her motion to dismiss and (2) after the Court issued the Order to Show Cause. *See Opp.* 3:1–17. But while this might be enough to show that Defendant was on notice of her obligation to answer, it does not show that her failure to answer was necessarily an intentional decision made in bad faith. Indeed, the fact that Defendant filed a motion to set aside the default, with a proffered answer, only three weeks after default was entered is consistent with the possibility that her failure to file a timely answer was a product of carelessness rather than malice. Accordingly, the Court finds that Defendant has not demonstrated that Plaintiff engaged in culpable conduct.

B.  Meritorious Defense

"The burden for satisfying the 'meritorious defense' requirement is minimal." *Colton*, 2014 WL 12740640, at *3. Defendant must only "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. That is because "the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Id.* (cleaned up).

Defendant's defenses to Plaintiff's claims are essentially that the conveyance at issue in this case was legitimate, rather than fraudulent, and, among other things, that Plaintiff has unclean hands because it failed to follow state recording procedures. *See generally Mot.* Because these would constitute valid defenses if they are ultimately proven, the Court concludes that Defendant has adequately shown that she has a meritorious defense. Plaintiff argues that the Court rejected Defendant's defenses in its order denying Defendant's motion to dismiss. *See Opp.* 3:22–4:4. But this misunderstands the order. In ruling on the motion to dismiss, the Court found only that Plaintiff had plausibly alleged facts sufficient to show that it had standing and that it could state a claim for relief. *See generally Aug. 16 Order*. It did not reject Defendant's defenses on the merits. In fact, it specifically declined to rule on Defendant's unclean hands defense, finding that the "fact-bound inquiry" needed to evaluate it was premature. *See id.* at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1044 PSG (MRWx) | Date | January 2, 2019 |
|---|---|---|---|
| Title | The Bank of New York Mellon v. Marguerite DeSelms, et al. | | |

Defendant has adequately shown that she has potential meritorious defenses. Whether they are valid will be "the subject of the later litigation." *See Mesle*, 615 F.3d at 1094.

IV. Conclusion

"The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). Because the three factors to be considered support setting aside the default, and because the Ninth Circuit has frequently reiterated that litigation is best settled on the merits, the Court **GRANTS** Defendant's motion to set aside the entry of default. The default is ordered set aside.

The Court further **GRANTS** Defendant's motion for leave to file an answer and counterclaims. The answer and counterclaims proffered by Defendant, *see* Dkt. # 34, are deemed filed as of this date.

**IT IS SO ORDERED**.