**YU | MOHANDESI LLP**

**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Pavel Ekmekchyan** (SBN 223222)
213.985.2007 | pavel@yumollp.com
**Sheri Guerami** (SBN 265231)
213.418.9340 | sguerami@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

*Attorneys for Plaintiff/Counter-Defendant*
The Bank of New York Mellon fka The Bank of New
York, as Trustee for the Certificate Holders CWALT,
Inc. Alternative Loan Trust 2006-OC8 Mortgage
Pass-Through Certificates, Series 2006-OC8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8,<br><br>     Plaintiff,<br><br>  vs.<br><br>Marguerite DeSelms, individually, and as Trustee of The Circle Road Revocable Living Trust Dated November 11, 2010; Alan David Tikal as Trustee of the KATN Revocable Living Trust; and CAA, Inc., a Nevada corporation,<br><br>     Defendants. | Case No.: 5:18-cv-01044<br><br>**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANT/COUNTER-COMPLAINANT MARGUERITE DESELMS'S COUNTER-COMPLAINT**<br><br>Date: March 18, 2019<br>Time: 1:30 p.m.<br>Dept.: 6A<br><br>Hon. Philip S. Gutierrez<br><br>[Filed concurrently with Request for Judicial Notice] |

**TO THE HONORABLE PHILIP S. GUTIERREZ, UNITED STATES DISTRICT COURT JUDGE, TO DEFENDANT/COUNTER-COMPLAINANT MARGUERITE DESELMS (DEFENDANT) AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 18, 2019, at 1:30pm, in Courtroom 6A, or as soon thereafter as the matter may be heard, in the above-entitled Court located at 350 West 1st Street, 6th Floor, Los Angeles, CA 90012, Plaintiff/Counter-Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8, ("BONY") will and hereby does move this Court to dismiss Defendant's Counter-Complaint ("Counter-Complaint"), for failure to state a claim upon which relief may be granted.  This motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Specifically and further, BONY moves to dismiss the following claims without leave to amend:

1.     Defendant's First Cause of Action – Violation of the Security First Rule on grounds of failure to state a claim upon which relief may be granted.

2.     Defendant's Second Cause of Action – Wrongful Foreclosure on grounds of failure to state a claim upon which relief may be granted.

3.     Defendant's Third Cause of Action – Intentional Infliction of Emotional Distress on grounds of failure to state a claim upon which relief may be granted.

4.     Defendant's Fourth (I) Cause of Action – Extortion on grounds of failure to state a claim upon which relief may be granted.

5.     Defendant's Fourth (II) Cause of Action – Violation of the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. §1692) on grounds of failure to state a claim upon which relief may be granted.

YU I | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

6. Plaintiff's Fifth Cause of Action – Violation of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. (RFDCPA) on grounds of failure to state a claim upon which relief may be granted.

7. Plaintiff's Sixth Cause of Action – Violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §12605 on grounds of failure to state a claim upon which relief may be granted.

8. Plaintiff's Seventh Cause of Action – Violation of California Code of Civil Procedure §336a, Statute of Limitations Has Expired, on grounds of failure to state a claim upon which relief may be granted.

9. Plaintiff's Eighth Cause of Action – Violation of Unfair Competition Under §17200 et seq. on grounds of failure to state a claim upon which relief may be granted.

10. Plaintiff's Ninth Cause of Action – Quiet Title on grounds of failure to state a claim upon which relief may be granted.

11. Plaintiff's Tenth Cause of Action – Request for Permanent Injunction on grounds of failure to state a claim upon which relief may be granted.

12. Plaintiff's Eleventh Cause of Action – Unjust Enrichment and Accounting on grounds of failure to state a claim upon which relief may be granted.

This Motion will be made and based upon this Notice, the Memorandum of Points and Authorities submitted herewith, and upon all pleadings, papers and documents on file herein, together with those matters of which judicial notice has been requested, and any oral argument which may be presented at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which concluded on January 22, 2019  Counsel for Plaintiff attempted to meet and confer with DeSelms on January 14 and 17, but was unable to reach DeSelms.  On January 21, 2019 the parties were able to meet and confer via electronic mail, and once again via telephone on January 22, 2019.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   RELEVANT PROCEDURAL POSTURE ..................................................... 1

III.  SUMMARY OF RELEVANT FACTS .......................................................... 2

IV.   LEGAL STANDARD ..................................................................................... 4

V.    LEGAL ARGUMENT .................................................................................... 4

    A.  PLAINTIFF'S FIRST CLAIM FOR VIOLATION OF THE SECURITY FIRST RULE FAILS AS A MATTER OF LAW ............................................................................................ 4

    B.  THE WRONGFUL FORECLOSURE CLAIM FAILS AS A MATTER OF LAW ...................................... 5

    C.  DESELMS CANNOT ESTABLISH AN INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM 7

    D.  THE FOURTH CLAIM FOR EXTORTION FAILS AS A MATTER OF LAW ......................................... 8

    E.  DESELMS'S CLAIM FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT FAILS AS A MATTER OF LAW ........................................................................................ 8

    F.  DESELMS'S CLAIM FOR VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT FAILS AS A MATTER OF LAW ............................................................... 9

    G.  DESELMS'S CLAIM FOR VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT FAILS AS A MATTER OF LAW ............................................................................. 10

    H.  VIOLATION OF CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 336A, STATUTE OF LIMITATIONS .............................................................................................. 11

    I.  DESELMS FAILS TO STATE A CLAIM FOR VIOLATION OF UNFAIR COMPETITION UNDER SECTION 17200 ET SEQ. ............................................................................ 11

    J.  DESELMS'S QUIET TITLE CLAIM FAILS AS A MATTER OF LAW ............................................. 12

    K.  DESELMS'S PERMANENT INJUNCTION CLAIM FAILS AS A MATTER OF LAW ......................... 13

    L.  THE UNJUST ENRICHMENT AND ACCOUNTING CLAIMS SHOULD BE DISMISSED ................ 13

VI.   CONCLUSION ............................................................................................. 14

YU I | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# TABLE OF AUTHORITIES

Cases

*Aguilar v. Bocci*, 39 Cal. App. 3d 475 (1974) ............................................................... 12

*Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226 (1995) ..................................... 5

*Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575 (1984) ................................. 7

*Ashcroft v. Iqbal*, 129 U.S. 662 (2009) ...................................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 4

*Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65 (2007) .................... 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................... 4

*Brea v. McGlashan*, 3 Cal. App. 2d 454 (1934) ........................................................ 14

*Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191 (E.D. Cal. 2009) ............ 10

*Das v. Bank of Am. N.A.*, 186 Cal. App. 4th 727 (2010) ........................................... 8

*DeLeon v. Wells Fargo Bank NA*, No. 10-CV-01390-LKH, 2011 WL 311376 (N.D. Cal. 2011) ..... 12

*Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310 (1989) ........................... 13

*Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal. App. 4th 81 (2000) .................... 14

*Dumas v. Kipp*, 90 F.3d 386 (9th Cir. 1996) ............................................................. 4

*Gonzalez v. First Franklin Loan Servs.*, No. 1:09-CV-00941, 2010 WL 144862 (E.D.Cal. Jan. 11, 2010) ...................................................................................................................... 11

*Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, 225 Cal. App. 4th 786 (2014) ...................................................................................................................... 13

*In re Kirkland*, 915 F.2d 1236 (9th Cir. 1990) ........................................................... 5

*Isaacson v. Cal. Ins. Guarantee Assn*, 44 Cal.3d 775 (1988) .................................... 7

*Janis v. Cal. State Lottery Com.*, 68 Cal. App. 4th 824 (1998) ................................. 14

*Jogani v. Super. Ct.*, 165 Cal.App. 4th 901 (2008) .................................................. 13

*Jolly v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872 (2013) ........................... 14

*Khan v. ReconTrust Co.*, No. C 12-01107 LB, 2012 U.S. Dist. LEXIS 91589 (N.D. Cal. July 2, 2012) ...................................................................................................................... 6

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

*Lai v. Quality Loan Serv. Corp.*, No. CV 10-2308, 2010 WL 3419179 (C.D. Cal. Aug. 26, 2010) .... 9

*Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218 (E.D. Cal. 2010) .......................................... 9

*Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp. 2d 1092 (E.D.Cal. 2010) .................................. 11

*Levitt v. Yelp!, Inc.*, CV-10-2321, 2011 WL 5079526 (N.D. Cal. Oct. 26, 2011) ............................... 8

*McBride v. Boughton*, 123 Cal.App. 4th 379 (2004) ........................................................................ 13

*McKell v. Wa. Mut., Inc.*, 142 Cal.App. 4th 1457 (2006) ................................................................ 13

*Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185 (S.D. Cal. 2010) ...................................... 8

*Melchior v. New Line Prods., Inc.*, 106 Cal.App. 4th 779 (2003) ..................................................... 13

*Miles v. Deutsche Bank National Trust Co.*, 236 Cal. App. 4th 394 (2015) ...................................... 6

*Miller v. Provost*, 26 Cal. App. 4th 1703 (1994) .............................................................................. 12

*Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) .......................................................................................................................................... 10

*Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047 (E.D. Cal. 2009) .................................................. 9

*Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. Appx. 363 (7th Cir. 2007) ............................... 9

*Patacsil v. Wilshire Credit Corp.*, No. 2:09-cv-01660, 2010 WL 500466 (E.D. Cal. Feb. 8, 2010) . 10

*Perati v. Atkinson*, 213 Cal.App. 2d 472 (1963) .............................................................................. 7

*Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985) ............................................................... 9

*Quinteros v. Aurora Loan Services*, 740 F. Supp. 2d 1163 (E.D. Cal. 2010) .................................... 8

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327 (2006) ................................... 12

*Ross v. Creel Printing Publ'g Co.*, 100 Cal. App. 4th 736 (2002) .................................................... 7

*Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN, 2014 WL 1404877 (S.D. Cal. April 10, 2014) ................................................................................................................................................. 8

*Sierra-Bay Fed. Land Bank Assn v. Superior Court*, 227 Cal.App. 3d 318 (1991) ........................... 7

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) .................................................... 4

*St. James Church of Christ Holiness v. Super. Ct.*, 135 Cal. App. 2d 352 (1955) ............................ 14

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ................................................................................... 4

*Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878 (1989) ............................................................ 7

*Walker v. USAA Cas. Ins. Co.*, 474 F.Supp. 2d 1168 (E.D. Cal. 2007).......................................... 13

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Statutes

12 U.S.C. § 2605(e) ....................................................................................... 10

12 U.S.C. § 2605(e)(1)(A) .............................................................................. 11

15 U.S.C. § 1692a(6)(F) (1986) ........................................................................ 9

18 U.S.C.§ 1951(b)(2) ....................................................................................... 8

Bus. & Prof. Code §17204 ............................................................................. 12

Cal. Civ. Code § 1788.1(b) ............................................................................... 9

Cal. Code Civ. Proc. § 761.020 ...................................................................... 12

CCP §726(a) ...................................................................................................... 5

FRCP Rule 12(b)(6) .......................................................................................... 4

FRCP Rule 8(a)(2) ............................................................................................. 4

Other Authorities

5 Witkin, Cal. Procedure (5th) Pleading, section 820 .................................. 14

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant/Counter-Complainant Marguerite DeSelms ("DeSelms") filed a confusing and convoluted Counter-Complaint against Plaintiff/Counter-Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2006-OC8 Mortgage Pass-Through Certificates, Series 2006-OC8, ("BONY") for 12 claims ranging from wrongful foreclosure to extortion.  In fact, DeSelms filed a nearly identical complaint against Bank of America and MTC Financial Inc. dba Trustee Corps in the case before this Court entitled *DeSelms v. Bank of America, N.A. et al*, Case No. 5:18-cv-00703-PSG-MRW [Dkt # 23].[1]  DeSelms's Counter-Complaint fails to allege the most basic of facts in support of her claims.  Instead, DeSelms's claims are based on nothing more than conclusory allegations that BONY engaged in prohibited conduct coupled with copious recitations of ambiguous and hyperbolized legal conclusions.

As fully argued below, DeSelms does not allege facts sufficient to state a claim for relief; thus, BONY respectfully requests the Court to grant its motion in its entirety without leave to amend.

### II.   RELEVANT PROCEDURAL POSTURE

On May 14, 2018, BONY filed its Complaint ("Compl.") against DeSelms alleging causes of action for, *inter alia*, cancellation of written instruments due to DeSelm's improper and fraudulent recording of various documents in the land records that purported to cancel BONY's valid and enforceable lien on DeSelms's property. [Dkt #1.]

On July 9. 2019, DeSelms filed a Motion to Dismiss BONY's Complaint arguing that BONY lacks standing to bring this case because it has no interest in the

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

---

[1] With only minor differences between the two complaints, DeSelms appears to have only changed the names of the defendants to include BONY.  However, whether purposefully or not, DeSelms also appears to name Bank of America and MTC Financial Inc. dba Trustee Corps as defendants in this Counter-Complaint.  Each complaint asserts the same twelve claims against the defendants.

Deed of Trust. [Dkt #15.]  On August 16, 2018, this Court denied DeSelms's Motion to Dismiss. [Dkt # 21.]

On October 11, 2018, the Clerk entered a default as to DeSelms for failure to respond to the Complaint. [Dkt #31.]  DeSelms filed a Motion to Vacate the Entry of Default and Leave to File Answer and Counterclaims. [Dkt # 32.]  This Court granted DeSelms's Motion to Vacate the Entry of Default and Leave to File Answer and Counterclaims.  [Dkt. #37.]

## III.   SUMMARY OF RELEVANT FACTS

On or about July 31, 2006, DeSelms obtained a $340,000 ("Loan") from Bondcorp Realty Services, Inc. repayment of which was secured by a Deed of Trust on real property ("Deed of Trust") located at 3489 Circle Road, San Bernardino, California 92405 ("Property")  (Counter-Complaint ¶¶15-16; Exh. 2 to Counter-Complaint.)  Chicago Title Company was the trustee and MERS, solely as a nominee for the lender and lender's successors and assigns was the beneficiary under the Deed of Trust.  (*Id*.)  The Deed of Trust was publicly recorded on August 14, 2006 as Document No. 2006-0552510.  (*Id*.)

On October 7, 2011, an Assignment of Deed of Trust was publicly recorded whereby the Deed of Trust was assigned to BONY.  (Counter-Complaint, Exh. 9.)

DeSelms defaulted on her monthly Loan payments under the Deed of Trust on or about August 1, 2009. (Complaint ¶ 12.)

On November 17, 2010, DeSelms recorded three documents purporting to extinguish the Deed of Trust.  First, DeSelms recorded a grant deed transferring title from DeSelms to the Circle Road Trust (the "Grant Deed.")  Second, DeSelms recorded a deed of trust in favor of Alan David Tikal, trustee of the KATN Trust, as beneficiary.  Third, DeSelms recorded a Substitution of Trustee and Full Reconveyance purporting to nominate the KATN Trust as trustee under the Deed of Trust and reconvey all interest therein to the Circle Road Trust.  (Complaint ¶¶13-15; Exhibits 5-7 to Counter-Complaint.)  As a result of the foregoing, DeSelms purports to

YUI | MOHANDESI LLP<br>633 West Fifth Street, Suite 2800<br>Los Angeles, CA 90071

hold title to the Property free and clear of the lien created by the Deed of Trust. (Counter-Complaint ¶ 29.)

After recording the fraudulent documents and being in default on the Deed of Trust, DeSelms attempted to delay foreclosure proceedings against the Property by filing bankruptcy petitions.  On November 22, 2011, DeSelms filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the Central District of California (the "CACD Bankruptcy").  Notably, on Schedule D (Creditors Holding Secured Claims) DeSelms listed the Loan with a claim amount of $340,000 secured by the Property.  (Complaint  ¶17, Exh. F.)  The CACD Bankruptcy was dismissed on June 1, 2012 due to DeSelms's failure to make plan payments.  (Complaint ¶18.)

On May 2, 2011, DeSelms also filed a Chapter 13 petition in the Northern District of California (the "CAND Bankruptcy").  DeSelms failed to list the Property as an asset or acknowledge the Loan as a secured claim.  The CAND Bankruptcy was dismissed on July 13, 2011 due to DeSelms's failure to make plan payments. (Complaint ¶¶19-20.)

On or about July 15, 2014, a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") was publicly recorded reflecting that as of July 11, 2014, the past due Loan payments plus permitted costs and expenses were $102,133.39.  (Exh. 12 to Counter-Complaint.)

On or about February 2, 2015, a Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Breach and Election to Sell Under Deed of Trust ("Notice of Rescission") was publicly recorded whereby the trustee rescinded the Notice of Default. (Exh. 13 to Counter-Complaint.)

On or about December 12, 2018, a second Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust ("Second Notice of Rescission") was publicly recorded on December 12, 2018 rescinding the Notice of Default under the Deed of Trust recorded on August 14, 2006 as Instrument No. 2006-0552511 (RJN Exh. A.)

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Plaintiff does not allege that she has tendered the indebtedness due under the Loan or that the Property has been sold at a trustee's sale.

## IV.   LEGAL STANDARD

A court must dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  *Federal Rules of Civil Procedure* ("FRCP") Rule 12(b)(6).  Although a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief" (FRCP 8(a)(2)), it must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" (*Id*.), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); see also, *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("…to be entitled to the presumption of truth, allegations … may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*.  Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss.  *Id*. at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## V.   LEGAL ARGUMENT

### A.   Plaintiff's First Claim for Violation of the Security First Rule Fails As a Matter of Law

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

In her first claim, DeSelms contends that payments for which she was not given credit constitute an election of remedies by Bank of America, and therefore, under California Code of Civil Procedure ("CCP") §726, the Deed of Trust has become unenforceable. Counter-Complaint ¶¶ 67-70. First, the Property has not been sold at a foreclosure sale. Plaintiff cannot allege as much. There is no active notice of default or notice of sale on the Property (Exh. 13 to Counter-Complaint and RJN Ex. A.) Second, section 726 is an election-of-remedies statute that only applies to prevent a creditor from using the obligor of a secured debt without foreclosing. Section 726(a) provides that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property." CCP §726(a). As the California Supreme Court has explained, "[t]hat action is foreclosure, which may be either judicial or nonjudicial." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1236 (1995). Following a judicial foreclosure, a creditor may seek a deficiency judgment to recover the difference between the debt and the fair market value of the property. *Id*. Following a nonjudicial foreclosure, or trustee's sale, a "creditor may not seek a deficiency judgment." *Id*.

Plaintiff fails to present sufficient allegations to state a violation of Section 726(a). Here, Plaintiff does not assert BONY sought a deficiency judgment following the trustee's sale of the Property. Instead, Plaintiff contends that certain payments were made to Countrywide and not credited to DeSelms's account. (Counter-Complaint ¶ 67.) As such, the Court should dismiss this claim without leave to amend.

### B. The Wrongful Foreclosure Claim Fails as a Matter of Law

As a threshold matter, when applying state law, federal courts follow the state's highest court's decisions, and "in the absence of such a decision and any indication that the highest court would rule differently, 'the decisions of the state's intermediate courts.'" *In re Kirkland*, 915 F.2d 1236, 1238-12390 (9th Cir. 1990).

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Under California law, a wrongful foreclosure claim must allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank National Trust Co.*, 236 Cal. App. 4th 394, 408 (2015); *see also Khan v. ReconTrust Co.*, No. C 12-01107 LB, 2012 U.S. Dist. LEXIS 91589, at *20 (N.D. Cal. July 2, 2012) (Plaintiff's "wrongful foreclosure claim fails because she lacks standing to challenge the foreclosure process as she has failed to tender the obligation in full or even allege that she could.").

Here, the wrongful foreclosure claim fails at the threshold because she does not allege that a sale occurred. DeSelms purports to attach as Exhibits a subsequent Notice of Default and a Notice of Trustee's Sale (Exhs. 14, 16.) However, a cursory reading of the Notice of Default and Notice of Trustee's Sale reveals that they relate to another deed of trust on the Property and not the one at issue in the Complaint or Counter-Complaint (Deed of Trust recorded on August 14, 2006 as Instrument No. 2006-0552511). Regardless, a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust ("Second Notice of Rescission") was publicly recorded on December 12, 2018 rescinding the Notice of Default under the Deed of Trust recorded on August 14, 2006 as Instrument No. 2006-0552511. (RJN Exh. A.) Thus, as of December 12, 2018, just a month ago, the notice of default was rescinded.

Nevertheless, DeSelms does not affirmatively allege in her Counter-Complaint that a sale took place or when it took place. In fact, she cannot because the Property has not been sold. (RJN Exh. A.) As such, Plaintiff cannot bring a preemptive wrongful foreclosure action.

Finally, DeSelms's claim fails because she does not allege tender of the loan balance. It is axiomatic that DeSelms may not challenge the foreclosure unless she

first tender payment of the loan balance.  *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579 (1984).

**C.**     **DeSelms Cannot Establish an Intentional Infliction of Emotional Distress Claim**

In her third claim, DeSelms contends that the conduct of BONY renders it liable for intentional infliction of emotional distress.  (Counter-Complaint ¶ 106-108.)

In order to plead a cause of action for intentional infliction of emotional distress, a plaintiff must allege facts showing (1) "the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress."  *Ross v. Creel Printing Publ'g Co.*, 100 Cal. App. 4th 736, 744-45 (2002).  The conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society."  *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).  Whether the operative facts meet the "outrageous conduct" standard has often been resolved as a matter of law at the pleading stage.  *See, e.g.*, *Isaacson v. Cal. Ins. Guarantee Assn*, 44 Cal.3d 775, 789 (1988) (holding that trial court could find on demurrer that alleged facts were insufficient to establish outrageous conduct).

Where "physical harm has not resulted from the emotional distress, the courts tend to look for more in the way of extreme outrage as an assurance that the mental disturbance claimed is not fictitious."  *Perati v. Atkinson*, 213 Cal.App. 2d 472, 474 (1963).

Relevant to this case, the courts have held "it is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid."  *Sierra-Bay Fed. Land Bank Assn v. Superior Court*, 227 Cal.App. 3d 318, 334 (1991).  "The act of foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an intentional infliction of emotional

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

distress claim." *Quinteros v. Aurora Loan Services*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010); *see also Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of Defendant Wells Fargo's employees allegedly stated that the [foreclosure] sale would not occur but the house was sold anyway is not outrageous . . . .").

As a result, DeSelms cannot show that BONY's conduct was severe, extreme, and outrageous conduct as to exceed all bounds that are usually tolerated in a civilized community. DeSelms's third claim must be dismissed as a matter of law.

### D.    The Fourth Claim for Extortion Fails as a Matter of Law

DeSelms contends that instituting a non-judicial foreclosure without any lawful right to do so constitutes extortion. As a "general rule, there is no private cause of action for extortion, which is a criminal offense under state and federal law…" *Shull v. Ocwen Loan Servicing, LLC*, No. 13-CV-2999-BEN, 2014 WL 1404877 *4 (S.D. Cal. April 10, 2014).

To the extent a civil claim is recognized, it is based on the same elements as criminal extortion. *Levitt v. Yelp!, Inc.*, CV-10-2321, 2011 WL 5079526 (N.D. Cal. Oct. 26, 2011). Extortion is the "obtaining of property from another, with his consent, induced by a wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C.§ 1951(b)(2). DeSelms has not pleaded facts to show that the elements can be fulfilled. Further, the act of foreclosing on collateral when a debt is not paid is not tortious. *Das v. Bank of Am. N.A.*, 186 Cal. App. 4th 727, 740-41 (2010). As such, DeSelms fails to state a claim.

### E.    DeSelms's Claim for Violation of the Fair Debt Collection Practices Act Fails As a Matter of Law

DeSelms alleges that BONY engaged in false or misleading representations in connection with a debt collection, thereby violation §1692. However, efforts by a lender or servicer to collect on a loan secured by a residence are not subject to the federal Fair Debt Collection Practices Act ("FDCPA"). Congress enacted the FDCPA

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 8 —

to "protect[] debtors from improper practices of 'debt collectors' – third parties who attempt to recoup debts owed to creditors." *Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. Appx. 363, 364-65 (7th Cir. 2007).  The FDCPA's regulation of third party debt collectors does not apply to lenders attempting to collect on residential loans "which w[ere] originated by such [lender]," or reach a lender's servicing company where the "debt [] was not in default at the time it was obtained by such [servicing company.]"  *See* 15 U.S.C. § 1692a(6)(F) (1986); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010).

Thus, "[t]he law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.'"  *Lal*, 680 F. Supp. 2d at 1224, *quoting Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *see also, e.g., Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052-53 (E.D. Cal. 2009); *Lai v. Quality Loan Serv. Corp.*, No. CV 10-2308, 2010 WL 3419179, at *2 (C.D. Cal. Aug. 26, 2010) ("As a matter of law, Plaintiff's claim must fail because none of the Defendant[] [lenders, assignees, or servicers] are 'debt collectors' within the meaning of the act.").

Beyond trying to collect on a mortgage loan, DeSelms has not alleged any other conduct by Defendant that would fall under the FDCPA.  As a result, DeSelms' claim for violation of the FDCPA must fail as a matter of law.

**F.  DeSelms's Claim for Violation of the Rosenthal Fair Debt Collection Practices Act Fails as a Matter of Law**

Conduct undertaken in the course of collecting on a loan secured by residential property is not actionable under California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  California enacted the RFDCPA to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts[.]"  Cal. Civ. Code § 1788.1(b).  However, "residential mortgage loans [d]o not fall within the RFDCPA" because they do not constitute consumer debt for RFDCPA purposes.  *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 1197 (E.D.

YUI | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

— 9 —

Cal. 2009); *Morgera v. Countrywide Home Loans, Inc.*, No. 2:09-cv-01476, 2010 WL 160348, at *3 (E.D. Cal. Jan. 11, 2010) ("California courts have declined to regard a residential mortgage loan as a 'debt' under the RFDCPA.")

No claim may arise under the RFDCPA from efforts to collect on a mortgage loan because, "[a]s the court have repeatedly held, the collection of this debt does not fall under the purview of the RFDCPA." *Patacsil v. Wilshire Credit Corp.*, No. 2:09-cv-01660, 2010 WL 500466, at *3 (E.D. Cal. Feb. 8, 2010) (Because "[t]he behavior Plaintiffs complain of arises out of or exists in connection to their residential loan mortgage[,]" Plaintiffs failed to state a RFDCPA claim despite allegations that lender "sen[t] deceptive letters and ma[d]e phone calls to Plaintiffs demanding payment [and] repeatedly made false reports to credit reporting agencies about Plaintiffs' credit standing, falsely stated the amount of Plaintiffs' mortgage debt, falsely stated that a debt was owed, [] falsely stated Plaintiffs' payment history[,] [and] increased the amount of Plaintiffs' mortgage debt by stating amounts not permitted by law or contract.") (internal quotations omitted).

DeSelms has not alleged any conduct by Defendant that would fall under the RFDCPA. *See* Counter-Complaint generally. The behavior DeSelms complains of arises out of or exists in connection to her residential loan mortgage. As courts have repeatedly held, the collection of this debt does not fall under the purview of the RFDCPA. *Patacsil*, 2010 WL 500466, at *3. As such, DeSelms's claim for violation of RFDCPA should be dismissed.

### G.   DeSelms's Claim For Violation of Real Estate Settlement Procedures Act Fails as a Matter of Law

DeSelms contends that BONY violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"). However, section 2605 of RESPA requires loan servicers of federally related mortgage loans to respond to "qualified written request(s)" (QWR). 12 U.S.C. § 2605(e). A QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

such loan." 12 U.S.C. § 2605(e)(1)(A).  Only loan servicers are obligated to respond to a borrower's inquiries, and must respond only if the requested information relates to loan servicing.  *Gonzalez v. First Franklin Loan Servs.*, No. 1:09-CV-00941, 2010 WL 144862, at *12 (E.D.Cal. Jan. 11, 2010); *see Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp. 2d 1092, 1101 (E.D.Cal. 2010) (holding only a loan servicer has a duty to respond to a QWR).

DeSelms has not alleged that BONY is a loan servicer.  In fact, BONY is the beneficial owner of the note and Deed of Trust.  (Exh. 9 to Counter-Complaint.)  As such, DeSelms' claim for violation of RESPA should be dismissed.

## H. Violation of California Code of Civil Procedure Section 336a, Statute of Limitations

DeSelms asserts a claim based on the statute of limitations to enforce the note. Specifically, DeSelms asserts that the statute of limitations has run to make a claim on the note and deed of trust pursuant to Cal. Civ. Proc. §336a.  (Counter-Complaint¶¶ 139-142.)  However, Cal. Civ. Proc. §336a does not apply to the ability to enforce a deed of trust securing a note.  The applicable statute is Civil Code section 882.020(a) (2) which provides a limit of 60 years from the date of the deed of trust.  The Deed of Trust at issue is dated July 31, 2006.  Therefore, it can be enforced through at least July 30, 2066.

Furthermore, a statute of limitation is a defense to a bringing a claim, not a cause of action.  The cause of action dictates the statute of limitations allowed to bring the claim.  Consequently, BONY moves to dismiss this claim with prejudice.

## I. DeSelms Fails to State a Claim for Violation of Unfair Competition Under Section 17200 et seq.

DeSelms's claim for Unfair Competition Under Cal. Business and Professions Code §17200 et seq.  (Counter-Complaint ¶¶144-154.) fails to satisfy the pleading burden.  As a preliminary matter, standing under the unfair competition laws ("UCL") is established only where the plaintiff "has suffered injury in fact and has lost money

YUI MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

or property" as a result of the alleged unfair practices.  Bus. & Prof. Code §17204; *see R&B Auto Ctr., Inc. v. Farmers Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006) (plaintiff must have suffered monetary or property loss to recover under the UCL).

Here, DeSelms does not – and cannot – allege facts demonstrating that she suffered monetary or property loss as a result of BONY's purported conduct. DeSelms has not lost her Property. In fact, she has fraudulently recorded documents to convey the Property back to herself.  As DeSelms lacks standing, her claim fails as a matter of law.

In addition, to state a claim for unlawful business practices, DeSelms must allege a business practice that is unlawful, unfair or fraudulent.  *DeLeon v. Wells Fargo Bank NA*, No. 10-CV-01390-LKH, 2011 WL 311376 *4 (N.D. Cal. 2011). However, as described herein, all of DeSelms's claims fail at the most basic level, and thus she cannot allege any unfair, unlawful or fraudulent business practice on the part of BONY.  She bases her claim on the following allegations; however as discussed above, all of these allegations are without merit.  As a result, the UCL claim fails as a matter of law.

## J.   DeSelms's Quiet Title Claim Fails as a Matter of Law

A complaint alleging quiet title must be verified and include: (1) a legal description and street address of the subject real property; (2) the title of plaintiff as to which determination is sought and the basis of that title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date of which the determination is sought; and (5) a prayer for the determination of the title.  *See* Cal. Code Civ. Proc. § 761.020.

It is well-settled that a borrower may not maintain a quiet title action against a mortgagee without first paying the outstanding debt on which the subject mortgage is based.  *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) (same).  DeSelms fail to allege that she could

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU I MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

tender the full balance owed, and thus her quiet title claim fails.

### K.   DeSelms's Permanent Injunction Claim Fails as a Matter of Law

DeSelms asserts a cause of action for permanent injunction.  (Counter-Complaint ¶¶162-178.)  However, an injunction is a remedy rather than a cause of action, and it cannot be granted where a plaintiff fails to state any substantive claim meriting such relief.  *Grail Semiconductor, Inc. v. Mitsubishi Electric & Electronics USA, Inc.*, 225 Cal. App. 4th 786, 80 (2014) ("A permanent injunction is an equitable remedy for certain torts or wrongful acts of a defendant where a damage remedy is inadequate.").  Because there is no claim for permanent injunction, BONY moves to dismiss this cause of action.

### L.   The Unjust Enrichment and Accounting Claims Should Be Dismissed

As an initial matter, California law does not recognize a cause of action for unjust enrichment.  *See Jogani v. Super. Ct.*, 165 Cal.App. 4th 901, 911 (2008); *McKell v. Wa. Mut., Inc.*, 142 Cal.App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment."); *McBride v. Boughton*, 123 Cal.App. 4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however, or even a remedy."); *Melchior v. New Line Prods., Inc.*, 106 Cal.App. 4th 779, 793 (2003) (*citing Dinosaur Development, Inc. v. White*, 216 Cal.App.3d 1310, 1315 (1989)) (Unjust enrichment is " 'a general principle, underlying various legal doctrines and remedies' ").  Rather, "unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." *McKell*, 142 Cal.App. 4th at 1490.  Thus, "unjust enrichment is merely a synonym for the remedy of restitution and not a stand-alone cause of action." *Walker v. USAA Cas. Ins. Co.*, 474 F.Supp. 2d 1168, 1174 (E.D. Cal. 2007); *see also McBride*, 123 Cal.App. 4th at 387-88 (cause of action for unjust enrichment construed as an attempt to plead a cause of action giving rise to a right of restitution).  Thus, the unjust enrichment claim should be dismissed.

Further, an accounting claim is inappropriate in the foreclosure context, as there is neither a special relationship between the parties, nor sums due that are so

complicated that there is no legally adequate remedy.  *See Jolly v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 910 (2013) (rejecting an accounting cause of action in the foreclosure context, finding no fiduciary relationship or "amounts due so complicated that it cannot be determined in a legal action for damages.").  *See also,* 5 Witkin, Cal. Procedure (5th) Pleading, section 820; *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934)

Lastly, the right to an accounting is not a cause of action, but a remedy.  *See Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) ("[an accounting is] not an independent cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) ("The right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims.").  Thus, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. Cal. State Lottery Com.*, 68 Cal. App. 4th 824, 833-834 (1998); *see also St. James Church of Christ Holiness v. Super. Ct.*, 135 Cal. App. 2d 352, 359 (1955) ("An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain.").  "A suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law." *Id*.  As a result, the accounting claim should also be dismissed as a matter of law.

**VI.**   **CONCLUSION**

Based on the foregoing, BONY respectfully requests that this Court deny DeSelms's MTD.  Alternatively, if the Court finds merit in any of the arguments in the MTD, BONY respectfully requests that it be granted leave to file an amended complaint.

DATED:  January 23, 2019

YU MOHANDESI LLP

By:  */s/ Sheri Guerami*
Sheri Guerami
Attorneys for Plaintiff

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**CERTIFICATE OF SERVICE**

I certify that on January 23, 2019, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below.  Parties may access this filing through the Court's system. A copy of the foregoing was also mailed via United States Postal Service to the following non-ECF participant:

***<u>Plaintiff Pro Per</u>***

Marguerite DeSelms

PO Box 84343

Los Angeles, CA 90073

DATED: January 23, 2019

*/s/ Sheri Guerami*
Sheri Guerami

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071